UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOYCE WILLIAMS,

Plaintiff,

v. CASE NO: 8:08-cv-1850-T-23EAJ

WALGREEN CO.,

Defendant.
________________________________________/

**ORDER**

On May 20, 2008, the defendant removed this action from the circuit court for Hillsborough County. The defendant alleged subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332. The amended complaint seeks compensatory damages, costs, attorneys' fees, and "any other relief this Florida State Court of Competent Jurisdiction can grant, including punitive damages as allowed by the Florida Civil Rights Act, and nothing in excess or beyond the jurisdictional limits of this State Court as the Plaintiff has not alleged any cognizable statute that would require or justify removal from the instant venue and forum to the Federal District Court." (Doc. 2, at 5-6)

Contending that the amount in controversy was insufficient for diversity jurisdiction, the plaintiff moved to remand. In an affidavit filed with the motion to remand, the plaintiff testified that she seeks between $25,000 and $30,000 in economic damages and that "it is especially dubious and unlikely that damages will amount to over $74,999.99." (Doc. 1, ¶ 6) On June 23, 2008, this court remanded the action to

state court because the defendant failed to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000.

After remand, the defendant served the plaintiff with a request for admissions. (Doc. 2, at 10) The defendant requests the plaintiff to admit that the matter in controversy exceeds $75,000 and that the plaintiff seeks more than $75,000 in damages in this case. On September 17, 2008, after the deadline passed for the plaintiff to respond to the defendant's request, the defendant removed (Doc. 1) this action a second time. The defendant alleges that the plaintiff's failure to respond to the request for admissions conclusively establishes that the amount in controversy exceeds $75,000.

Rule 1.370, Florida Rules of Civil Procedure, permits a party to serve upon any other party a request for admissions. The rule provides that a matter "is admitted unless the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter" within thirty days after service of the request. Rule 1.370(b) states that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." However, the author's comment to the rule states, "The admissions made are limited to the pending action."

The plaintiff's failure to respond to the request for admissions constitutes a procedural default in the state court. Because the state court may permit withdrawal or amendment of the admission, this procedural default lacks any evidentiary value in this court. Accordingly, the defendant fails to prove by a preponderance of the evidence

that the amount in controversy in this action exceeds $75,000. Pursuant to 28 U.S.C. § 1447(c), this action is **REMANDED** to the circuit court for Hillsborough County. See Whole Health Chiropractic & Wellness, Inc. v. Humana Medical Plan, Inc., 254 F.3d 1317, 1320 (11th Cir. 2001) (noting that § 1447(c) requires a district court to remand sua sponte for lack of subject matter jurisdiction). The Clerk is directed to (1) terminate any pending motion and (2) close the case.

ORDERED in Tampa, Florida, on October 2, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE